JUDGE FORREST

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - -- - - - - x

UNITED STATES OF AMERICA          :        *SEALED*

       -v.-                       :        INDICTMENT

ANTHONY FAZIO, SR.,               :        11 Cr.
ANTHONY FAZIO, JR., and
JOHN FAZIO, JR.,                  :

          Defendants        **11 CRIM 873**

- - - - - - - - - - - - - - - - - x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: OCT 1 2 2011

## COUNT ONE
### (Racketeering Conspiracy)

The Grand Jury charges:

### The Enterprise

1.  At all times relevant to this Indictment, the United Food and Commercial Workers International Union (the "UFCW") was a national labor union that represented workers in many industries, including agriculture, health care, meatpacking, poultry and food processing, manufacturing, textile, and retail. In New York City, the UFCW has approximately 28,000 members and is divided into approximately twelve locals within the five boroughs.

2.  At all times relevant to this Indictment, Local 348-S of the UFCW ("Local 348") was one of the twelve constituent locals of the UFCW in New York City. Local 348 was the largest local, with approximately 12,000 members.

3.  At all times relevant to this Indictment, the UFCW and its constituent local unions, including Local 348, were labor

organizations.   On behalf of its members, Local 348 entered into numerous contracts, or collective bargaining agreements ("CBAs"), with various businesses who employed Local 348's members in the five boroughs of New York City.

4.   The CBAs governed many aspects of the relationship between employers and union members.   Among other things, the CBAs often required that signatory employers employ only union members to perform specified types of work.   The CBAs also typically obligated employers to pay their workers who were members at an hourly rate specified in the CBA and to make contributions for each hour worked to the Local 348's benefit funds.

5.   At all times relevant to this Indictment, Local 348's benefit funds included the UFCW Local 348 Pension Benefits Plan, the UFCW Local 348 Health & Welfare Benefits Plan, and the UFCW Local 348 Annuity Benefits Plan (collectively, the "Benefit Funds" or "Funds").   The Funds were employee benefit plans subject to the provisions of Title I of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001, et seq., and provided life insurance, health insurance, pension, and retirement benefits to participating union members and their families.   Pursuant to their CBAs with Local 348, employers were required to submit weekly remittance reports to the Funds, reporting the names of and hours worked by all employees who were

2

Local 348 members, and making the required benefits contributions for those workers.

6.    At all times relevant to this Indictment, Local 348, including its affiliated Benefit Funds, was an "enterprise," as that term is defined in Title 18, United States Code, Section 1961(4), that is, an association in fact of entities.   The enterprise constituted an ongoing organization whose members functioned as a continuing unit for a common purpose of achieving the objectives of the enterprise.   This enterprise was engaged in, and its activities affected, interstate and foreign commerce.

<u>The Defendants</u>

7.    ANTHONY FAZIO, SR. ("FAZIO SR"), the defendant, was, at all times relevant to this Indictment, a member and officer of Local 348.   From approximately 1976 up to in or about January 2010, FAZIO SR was the President of Local 348, to wit, the officer in charge of the Union.   From in or about January 2010 until in or about February 2011, FAZIO SR was a member of Local 348 and an advisor to the union's officers.

8.    ANTHONY FAZIO, JR. ("FAZIO JR"), the defendant, was, at all times relevant to this Indictment, a member and officer of Local 348.   From in or about January 2010, up to an including in or about February 2011, FAZIO JR was the President of Local 348.   From approximately September 2000 until in or about January 2010, FAZIO JR was the Secretary/Treasurer of the

3

union.  From approximately September 1999 until in or about August 2001, FAZIO JR was Local 348's Recording Secretary.

9.    JOHN FAZIO, JR. ("JOHN FAZIO"), the defendant, was, at all times relevant to this Indictment, a member, officer, and employee of Local 348.  From in or about January 2010, up to and including in or about February 2011, JOHN FAZIO was the Secretary/Treasurer of Local 348.  From approximately September 2000 until in or about January 2010, JOHN FAZIO was the Vice President of the union.  From approximately September 1999 until in or about August 2001, FAZIO JR was an employee of Local 348.

## Purposes of the Racketeering Enterprise

10.  The purposes of the enterprise included:

a.    Enriching certain officers and representatives of Local 348, including but not limited to ANTHONY FAZIO, SR., ANTHONY FAZIO, JR., and JOHN FAZIO, JR., the defendants, by unlawfully extorting, soliciting and obtaining cash payments, in violation of federal and state labor law, from business owners whose employees were represented by Local 348; and

b.    Avoiding detection of their illegal conduct, in order to permit them to maintain control of the enterprise and to continue to enrich themselves and others.

Means and Methods of the Enterprise

11.   The means and methods by which the defendants and other enterprise members and associates conducted and participated in the conduct of the affairs of the enterprise included the following:

a.   Members and associates of the enterprise exploited their positions within the enterprise to extort, solicit and obtain unlawful payments of money from business owners;

b.   Members and associates of the enterprise exploited their positions within the enterprise to forgive debts business owners owed to the Benefit Funds in exchange for cash payments; and

c.   Members and associates of the enterprise laundered the unlawful payments they received with the intent of concealing the origin of those payments and promoting their unlawful activities

The Racketeering Conspiracy

12.   From at least in or about at least 1995, up through and including in or about February 2011, in the Southern District of New York and elsewhere, ANTHONY FAZIO, SR., ANTHONY FAZIO, JR., and JOHN FAZIO, JR., the defendants, and others known and unknown, being persons employed by and associated with the racketeering enterprise described in Paragraphs 1 through 11

5

above, namely Local 348 and its Benefit Funds, which enterprise was engaged in, and the activities of which affected, interstate and foreign commerce, knowingly and intentionally conspired to violate 18 U.S.C. § 1962(c), to wit, to conduct and participate, directly and indirectly, in the conduct of the affairs of that enterprise through a pattern of racketeering activity, as that term is defined in Title 18, United States Code, Sections 1961(1) and 1961(5), consisting of multiple acts indictable under the following provisions of federal law:

       a.    Title 18, United States Code, Sections 1951 and 2 (extortion);

       b.    Title 29, United States Code, Sections 186 and 2 (unlawful receipt of labor payments);

       c.    Title 18, United States Code, Sections 664 and 2 (embezzlement from pension and welfare benefit funds);

       d.    Title 18, United States Code, Sections 1954 and 2 (unlawful payments concerning benefit plans);

       e.    Title 18, United States Code, Section 1956 and 1957 (money laundering);

       f.    Title 18, United States Code, Section 1512 (witness tampering);

and multiple acts involving state offenses chargeable under the following provisions of state law:

g.   New York State Penal Law, Sections 155 and 20 (acts involving extortion).

13.   It was a further part of the conspiracy that each defendant agreed that a conspirator would commit at least two acts of racketeering activity in the conduct of the affairs of the enterprise.

(Title 18, United States Code, Section 1962(d).)

## COUNT TWO
### (Racketeering)

The Grand Jury further charges:

14.   Paragraphs 1 through 11 of this Indictment are repeated and realleged and incorporated by reference as though fully set forth herein.

15.   From in or about at least 1995 up through and including in or about February 2011, in the Southern District of New York and elsewhere, ANTHONY FAZIO, SR., ANTHONY FAZIO, JR., and JOHN FAZIO, JR., the defendants, and others known and unknown, being persons employed by and associated with the racketeering enterprise described in Paragraphs 1 through 11 above, namely, Local 348 and its Benefit Funds, which enterprise was engaged in, and the activities of which affected, interstate and foreign commerce, willfully and knowingly did conduct and participate, directly and indirectly, in the conduct of the

7

affairs of that enterprise through a pattern of racketeering activity, as that term is defined in Title 18, United States Code, Sections 1961(1) and 1961(5), to wit, through the commission of the following racketeering acts:

### The Pattern of Racketeering

16.   The pattern of racketeering activity, as defined in Title 18, United States Code, Sections 1961(1) and 1961(5), consisted of the following acts:

### Racketeering Act One: Extortion Conspiracy

17.   ANTHONY FAZIO, SR., ANTHONY FAZIO, JR., and JOHN FAZIO, JR., the defendants, committed the following act of racketeering, which constitutes the commission of Racketeering Act One:

### THE SCHEME

a.   From in or about at least 1995, up through and including in or about February 2011, ANTHONY FAZIO, SR., ANTHONY FAZIO, JR., and JOHN FAZIO, JR., the defendants, participated in a scheme to enrich themselves and others by extorting payments from business owners whose employees were members of Local 348.  FAZIO SR, FAZIO JR and JOHN FAZIO accepted hundreds of thousands of dollars of payments from employers who were afraid they would suffer physical or economic harm if they did not comply with the FAZIOs' demands.

8

THE CONSPIRACY

b.     From in or about at least 1995, up through
and including in or about February 2011, in the Southern District
of New York and elsewhere, ANTHONY FAZIO, SR., ANTHONY FAZIO,
JR., and JOHN FAZIO, JR., the defendants, and others known and
unknown, willfully and knowingly combined, conspired,
confederated, and agreed together and with each other to commit
extortion, as that term is defined in Title 18, United States
Code, Section 1951(b)(2), by obtaining money and property from
and with the consent of another person, to wit, employers who
owned and operated businesses whose employees were members of
Local 348, which consent was induced by the wrongful use of
actual and threatened force, violence, and fear, and thereby
would and did obstruct, delay, and affect commerce and the
movement of articles and commodities in commerce, as that term is
defined in Title 18, United States Code, Section 1951(b)(3), in
violation of Title 18, United States Code, Section 1951.

### Racketeering Act Two:
### Extortion and Labor Racketeering – "Employer-1"

18.   ANTHONY FAZIO, SR., the defendant, committed the
following acts of racketeering, any of which alone constitutes
the commission of Racketeering Act Two:

#### Extortion

a.     From at least in or about 1997, up through
and including in or about 2009, in the Southern District of New

York and elsewhere, ANTHONY FAZIO, SR., the defendant, and others known and unknown, willfully and knowingly did commit and attempt to commit extortion, and aid and abet the commission of extortion, as that term is defined in Title 18, United States Code, Section 1951(b)(2), by obtaining money and property from and with the consent of "Employer-1," the owner of retail clothing stores, whose consent was induced by the wrongful use of actual and threatened force, violence, and fear, and thereby did obstruct, delay, and affect commerce and the movement of articles and commodities in commerce, as that term is defined in Title 18, United States Code, Section 1951(b)(3), in violation of Title 18, United States Code, Sections 1951 and 2.

b.   From at least in or about 1997, up through and including in or about 2009, in the Southern District of New York and elsewhere, ANTHONY FAZIO, SR., the defendant, and others known and unknown, willfully, and knowingly did obtain property by extortion committed by instilling in Employer-1 a fear that FAZIO SR, and other persons, would cause physical injury to some person in the future and cause damage to property, in violation of New York State Penal Law Section 155.40 and 20.00.

c.   From at least in or about 1997, up through and including in or about 2009, in the Southern District of New York and elsewhere, ANTHONY FAZIO, SR., the defendant, and others known and unknown, willfully, and knowingly did obtain property

10

exceeding $1,000 by extortion committed by instilling in Employer-1 a fear that FAZIO SR, and other persons, would perform an act which was calculated to harm Employer-1 in his business or financial condition, in violation of New York State Penal Law, Sections 155.05(e)(ix), 155.30 and 20.00.

### Unlawful Receipt of Labor Payments

d.   From at least in or about 1997, up through and including in or about 2009, in the Southern District of New York and elsewhere, ANTHONY FAZIO, SR., the defendant, and others known and unknown, being representatives of the employees of Employer-1, willfully and knowingly, did request, demand, receive and accept, and agree to receive and accept, payments, loans, and deliveries of money and other things of value, whose value exceeded $1,000, from Employer-1, an employer and a person acting in the interest of an employer, whose employees were employed in an industry affecting commerce, in violation of Title 29, United States Code, Section 186(b)(1) and (d)(2), and Title 18, United States Code, Section 2.

### Racketeering Act Three:
### Extortion and Labor Racketeering – "Employer-2"

19.   ANTHONY FAZIO, SR. and JOHN FAZIO, JR., the defendants, committed the following acts of racketeering, any of which alone constitutes the commission of Racketeering Act Three:

### Extortion

a.   From at least in or about 2003, up through

11

and including in or about 2010, in the Eastern District of New York and elsewhere, ANTHONY FAZIO, SR., and JOHN FAZIO, JR., the defendants, and others known and unknown, willfully and knowingly did commit and attempt to commit extortion, and aid and abet the commission of extortion, as that term is defined in Title 18, United States Code, Section 1951(b)(2), by obtaining money and property from and with the consent of "Employer-2," the owner of elder care facilities, whose consent was induced by the wrongful use of actual and threatened force, violence, and fear, and thereby did obstruct, delay, and affect commerce and the movement of articles and commodities in commerce, as that term is defined in Title 18, United States Code, Section 1951(b)(3), in violation of Title 18, United States Code, Sections 1951 and 2.

      b.    From at least in or about 2003, up through and including in or about 2010, in the Eastern District of New York and elsewhere, ANTHONY FAZIO, SR., and JOHN FAZIO, JR., the defendants, and others known and unknown, willfully, and knowingly did obtain property by extortion committed by instilling in Employer-2 a fear that FAZIO SR, JOHN FAZIO and other persons, would cause physical injury to some person in the future and cause damage to property, in violation of New York State Penal Law, Sections 155.40 and 20.00.

      c.    From at least in or about 2003, up through and including in or about 2010, in the Eastern District of New

York and elsewhere, ANTHONY FAZIO, SR., and JOHN FAZIO, JR., the defendants, and others known and unknown, willfully, and knowingly did obtain property exceeding $1,000 by extortion committed by instilling in Employer-2 a fear that FAZIO SR, JOHN FAZIO and other persons, would perform an act which was calculated to harm Employer-2 in his business or financial condition, in violation of New York State Penal Law, Sections 155.05(e)(ix), 155.30 and 20.00.

<u>Unlawful Receipt of Labor Payments</u>

d.   From at least in or about 2003, up through and including in or about 2010, in the Eastern District of New York and elsewhere, ANTHONY FAZIO, SR., and JOHN FAZIO, JR., the defendants, and others known and unknown, being representatives of the employees of Employer-2, willfully and knowingly, did request, demand, receive and accept, and agree to receive and accept, payments, loans, and deliveries of money and other things of value, whose value exceeded $1,000, from Employer-2, an employer and a person acting in the interest of an employer, whose employees were employed in an industry affecting commerce, in violation of Title 29, United States Code, Section 186(b)(1) and (d)(2), and Title 18, United States Code, Section 2.

<b>Racketeering Act Four:</b><br><b>Extortion and Labor Racketeering – "Employer-3"</b>

20.   ANTHONY FAZIO, JR., the defendant, committed the

13

following acts of racketeering, any of which alone constitutes the commission of Racketeering Act Four:

<u>Extortion</u>

a.     From at least in or about 1995, up through and including in or about 2010, in the Eastern District of New York and elsewhere, ANTHONY FAZIO, JR., the defendant, and others known and unknown, willfully and knowingly did commit and attempt to commit extortion, and aid and abet the commission of extortion, as that term is defined in Title 18, United States Code, Section 1951(b)(2), by obtaining money and property from and with the consent of "Employer-3," the owner of a restaurant supply business, whose consent was induced by the wrongful use of actual and threatened force, violence, and fear, and thereby did obstruct, delay, and affect commerce and the movement of articles and commodities in commerce, as that term is defined in Title 18, United States Code, Section 1951(b)(3), in violation of Title 18, United States Code, Sections 1951 and 2.

b.     From at least in or about 1995, up through and including in or about 2010, in the Eastern District of New York and elsewhere, ANTHONY FAZIO, JR., the defendant, and others known and unknown, willfully, and knowingly did obtain property by extortion committed by instilling in Employer-3 a fear that FAZIO JR, and other persons, would cause physical injury to some person in the future and cause damage to property, in violation

14

of New York State Penal Law, Sections 155.40 and 20.00.

        c.   From at least in or about 1995, up through and including in or about 2010, in the Eastern District of New York and elsewhere, ANTHONY FAZIO, JR., the defendant, and others known and unknown, willfully, and knowingly did obtain property exceeding $1,000 by extortion committed by instilling in Employer-3 a fear that FAZIO JR and other persons, would perform an act which was calculated to harm Employer-3 in his business or financial condition, in violation of New York State Penal Law, Sections 155.05(e)(ix), 155.30 and 20.00.

<u>Unlawful Receipt of Labor Payments</u>

        d.   From at least in or about 1995, up through and including in or about 2010, in the Eastern District of New York and elsewhere, ANTHONY FAZIO, JR., the defendant, and others known and unknown, being representatives of the employees of Employer-3, willfully and knowingly, did request, demand, receive and accept, and agree to receive and accept, payments, loans, and deliveries of money and other things of value, whose value exceeded $1,000, from Employer-3, an employer and a person acting in the interest of an employer, whose employees were employed in an industry affecting commerce, in violation of Title 29, United States Code, Section 186(b)(1) and (d)(2), and Title 18, United States Code, Section 2.

**Racketeering Act Five:**
**Extortion and Labor Racketeering - "Employer-4"**

21.   ANTHONY FAZIO, SR., the defendant, committed the following acts of racketeering, any of which alone constitutes the commission of Racketeering Act Five:

Extortion

a.   From at least in or about 1995, up through and including in or about February 2011, in the Eastern District of New York and elsewhere, ANTHONY FAZIO, SR., the defendant, and others known and unknown, willfully and knowingly did commit and attempt to commit extortion, and aid and abet the commission of extortion, as that term is defined in Title 18, United States Code, Section 1951(b)(2), by obtaining money and property from and with the consent of "Employer-4," the owner of retail stores, whose consent was induced by the wrongful use of actual and threatened force, violence, and fear, and thereby did obstruct, delay, and affect commerce and the movement of articles and commodities in commerce, as that term is defined in Title 18, United States Code, Section 1951(b)(3), in violation of Title 18, United States Code, Sections 1951 and 2.

b.   From at least in or about 1995, up through and including in or about February 2011, in the Eastern District of New York and elsewhere, ANTHONY FAZIO, SR., the defendant, and others known and unknown, willfully, and knowingly did obtain property by extortion committed by instilling in Employer-4 a

fear that FAZIO SR, and other persons, would cause physical

injury to some person in the future and cause damage to property,

in violation of New York State Penal Law, Sections 155.40 and

20.00.

c.    From at least in or about 1995, up through

and including in or about February 2011, in the Eastern District

of New York and elsewhere, ANTHONY FAZIO, SR., the defendant, and

others known and unknown, willfully, and knowingly did obtain

property exceeding $1,000 by extortion committed by instilling in

Employer-4 a fear that FAZIO SR and other persons, would perform

an act which was calculated to harm Employer-4 in his business or

financial condition, in violation of New York State Penal Law,

Sections 155.05(e)(ix), 155.30 and 20.00.

<u>Unlawful Receipt of Labor Payments</u>

d.    From at least in or about 1995, up through

and including in or about February 2011, in the Eastern District

of New York and elsewhere, ANTHONY FAZIO, SR., the defendant, and

others known and unknown, being representatives of the employees

of Employer-4, willfully and knowingly, did request, demand,

receive and accept, and agree to receive and accept, payments,

loans, and deliveries of money and other things of value, whose

value exceeded $1,000, from Employer-4, an employer and a person

acting in the interest of an employer, whose employees were

employed in an industry affecting commerce, in violation of Title

29, United States Code, Section 186(b)(1) and (d)(2), and Title

17

18, United States Code, Section 2.

## Racketeering Act Six:
## Extortion and Labor Racketeering – "Employer-5"

22. ANTHONY FAZIO, SR., the defendant, committed the following acts of racketeering, any of which alone constitutes the commission of Racketeering Act Six:

### Extortion

a.    From at least in or about 1998, up through and including in or about 2009, in the Eastern District of New York and elsewhere, ANTHONY FAZIO, SR., the defendant, and others known and unknown, willfully and knowingly did commit and attempt to commit extortion, and aid and abet the commission of extortion, as that term is defined in Title 18, United States Code, Section 1951(b)(2), by obtaining money and property from and with the consent of "Employer-5," the owner of a grocery supply business, whose consent was induced by the wrongful use of actual and threatened force, violence, and fear, and thereby did obstruct, delay, and affect commerce and the movement of articles and commodities in commerce, as that term is defined in Title 18, United States Code, Section 1951(b)(3), in violation of Title 18, United States Code, Sections 1951 and 2.

b.    From at least in or about 1998, up through and including in or about 2009, in the Eastern District of New York and elsewhere, ANTHONY FAZIO, SR., the defendant, and others known and unknown, willfully, and knowingly did obtain property

18

by extortion committed by instilling in Employer-5 a fear that
FAZIO SR, and other persons, would cause physical injury to some
person in the future and cause damage to property, in violation
of New York State Penal Law, Sections 155.40 and 20.00.

       c.    From at least in or about 1998, up through
and including in or about 2009, in the Eastern District of New
York and elsewhere, ANTHONY FAZIO, SR., the defendant, and others
known and unknown, willfully, and knowingly did obtain property
exceeding $1,000 by extortion committed by instilling in
Employer-5 a fear that FAZIO SR and other persons, would perform
an act which was calculated to harm Employer-5 in his business or
financial condition, in violation of New York State Penal Law,
Sections 155.05(e)(ix), 155.30 and 20.00.

### Unlawful Receipt of Labor Payments

       d.    From at least in or about 1998, up through
and including in or about 2009, in the Eastern District of New
York and elsewhere, ANTHONY FAZIO, SR., the defendant, and others
known and unknown, being representatives of the employees of
Employer-5, willfully and knowingly, did request, demand, receive
and accept, and agree to receive and accept, payments, loans, and
deliveries of money and other things of value, whose value
exceeded $1,000, from Employer-5, an employer and a person acting
in the interest of an employer, whose employees were employed in
an industry affecting commerce, in violation of Title 29, United
States Code, Section 186(b)(1) and (d)(2), and Title 18, United

States Code, Section 2.

## Racketeering Act Seven:
## Extortion and Labor Racketeering – "Employer-6"

23.  JOHN FAZIO, JR., the defendant, committed the following acts of racketeering, any of which alone constitutes the commission of Racketeering Act Seven:

### Extortion

a.  From at least in or about 2000, up through and including in or about 2009, in the Southern District of New York and elsewhere, JOHN FAZIO, JR., the defendant, and others known and unknown, willfully and knowingly did commit and attempt to commit extortion, and aid and abet the commission of extortion, as that term is defined in Title 18, United States Code, Section 1951(b)(2), by obtaining money and property from and with the consent of "Employer-6," an owner of an elder care agency, whose consent was induced by the wrongful use of actual and threatened force, violence, and fear, and thereby did obstruct, delay, and affect commerce and the movement of articles and commodities in commerce, as that term is defined in Title 18, United States Code, Section 1951(b)(3), in violation of Title 18, United States Code, Sections 1951 and 2.

b.  From at least in or about 2000, up through and including in or about 2009, in the Southern District of New York and elsewhere, JOHN FAZIO, JR., the defendant, and others known and unknown, willfully, and knowingly did obtain property

by extortion committed by instilling in Employer-6 a fear that JOHN FAZIO, and other persons, would cause physical injury to some person in the future and cause damage to property, in violation of New York State Penal Law, Sections 155.40 and 20.00.

        c.   From at least in or about 2000, up through and including in or about 2009, in the Southern District of New York and elsewhere, JOHN FAZIO, JR., the defendant, and others known and unknown, willfully, and knowingly did obtain property exceeding $1,000 by extortion committed by instilling in Employer-6 a fear that JOHN FAZIO and other persons, would perform an act which was calculated to harm Employer-6 in his business or financial condition, in violation of New York State Penal Law, Sections 155.05(e)(ix), 155.30 and 20.00.

<u>Unlawful Receipt of Labor Payments</u>

        d.   From at least in or about 2000, up through and including in or about 2009, in the Southern District of New York and elsewhere, JOHN FAZIO, JR., the defendant, and others known and unknown, being representatives of the employees of Employer-6, willfully and knowingly, did request, demand, receive and accept, and agree to receive and accept, payments, loans, and deliveries of money and other things of value, whose value exceeded $1,000, from Employer-6, an employer and a person acting in the interest of an employer, whose employees were employed in an industry affecting commerce, in violation of Title 29, United States Code, Section 186(b)(1) and (d)(2), and Title 18, United

States Code, Section 2.

## Racketeering Act Eight:
## Extortion and Labor Racketeering - "Employer-7"

24.   JOHN FAZIO, JR., the defendant, committed the following acts of racketeering, any of which alone constitutes the commission of Racketeering Act Eight:

### Extortion

a.   From at least in or about 2006, up through and including in or about 2009, in the Southern District of New York and elsewhere, JOHN FAZIO, JR., the defendant, and others known and unknown, willfully and knowingly did commit and attempt to commit extortion, and aid and abet the commission of extortion, as that term is defined in Title 18, United States Code, Section 1951(b)(2), by obtaining money and property from and with the consent of "Employer-7," an owner of a care facility, whose consent was induced by the wrongful use of actual and threatened force, violence, and fear, and thereby did obstruct, delay, and affect commerce and the movement of articles and commodities in commerce, as that term is defined in Title 18, United States Code, Section 1951(b)(3), in violation of Title 18, United States Code, Sections 1951 and 2.

b.   From at least in or about 2006, up through and including in or about 2009, in the Southern District of New York and elsewhere, JOHN FAZIO, JR., the defendant, and others known and unknown, willfully, and knowingly did obtain property

by extortion committed by instilling in Employer-7 a fear that JOHN FAZIO, and other persons, would cause physical injury to some person in the future and cause damage to property, in violation of New York State Penal Law, Sections 155.40 and 20.00.

c.   From at least in or about 2006, up through and including in or about 2019, in the Southern District of New York and elsewhere, JOHN FAZIO, JR., the defendant, and others known and unknown, willfully, and knowingly did obtain property exceeding $1,000 by extortion committed by instilling in Employer-7 a fear that JOHN FAZIO and other persons, would perform an act which was calculated to harm Employer-7 in his business or financial condition, in violation of New York State Penal Law, Sections 155.05(e)(ix), 155.30 and 20.00.

### Unlawful Receipt of Labor Payments

d.   From at least in or about 2006, up through and including in or about 2009, in the Southern District of New York and elsewhere, JOHN FAZIO, JR., the defendant, and others known and unknown, being representatives of the employees of Employer-7, willfully and knowingly, did request, demand, receive and accept, and agree to receive and accept, payments, loans, and deliveries of money and other things of value, whose value exceeded $1,000, from Employer-7, an employer and a person acting in the interest of an employer, whose employees were employed in an industry affecting commerce, in violation of Title 29, United States Code, Section 186(b)(1) and (d)(2), and Title 18, United

23

States Code, Section 2.

**Racketeering Act Nine:**
**Extortion and Labor Racketeering – "Employer-8"**

25.   JOHN FAZIO, JR., the defendant, committed the following acts of racketeering, any of which alone constitutes the commission of Racketeering Act Nine:

Extortion

a.   From at least in or about 2005, up through and including in or about 2008, in the Eastern District of New York and elsewhere, JOHN FAZIO, JR., the defendant, and others known and unknown, willfully and knowingly did commit and attempt to commit extortion, and aid and abet the commission of extortion, as that term is defined in Title 18, United States Code, Section 1951(b)(2), by obtaining money and property from and with the consent of "Employer-8," the operator of elder care facilities, whose consent was induced by the wrongful use of actual and threatened force, violence, and fear, and thereby did obstruct, delay, and affect commerce and the movement of articles and commodities in commerce, as that term is defined in Title 18, United States Code, Section 1951(b)(3), in violation of Title 18, United States Code, Sections 1951 and 2.

b.   From at least in or about 2005, up through and including in or about 2008, in the Eastern District of New York and elsewhere, JOHN FAZIO, JR., the defendant, and others known and unknown, willfully, and knowingly did obtain property

24

by extortion committed by instilling in Employer-8 a fear that JOHN FAZIO, and other persons, would cause physical injury to some person in the future and cause damage to property, in violation of New York State Penal Law, Sections 155.40 and 20.00.

       c.   From at least in or about 2005, up through and including in or about 2008, in the Eastern District of New York and elsewhere, JOHN FAZIO, JR., the defendant, and others known and unknown, willfully, and knowingly did obtain property exceeding $1,000 by extortion committed by instilling in Employer-8 a fear that JOHN FAZIO and other persons, would perform an act which was calculated to harm Employer-8 in his business or financial condition, in violation of New York State Penal Law, Sections 155.05(e)(ix), 155.30 and 20.00.

<u>Unlawful Receipt of Labor Payments</u>

       d.   From at least in or about 2005, up through and including in or about 2008, in the Eastern District of New York and elsewhere, JOHN FAZIO, JR., the defendant, and others known and unknown, being representatives of the employees of Employer-8, willfully and knowingly, did request, demand, receive and accept, and agree to receive and accept, payments, loans, and deliveries of money and other things of value, whose value exceeded $1,000, from Employer-8, an employer and a person acting in the interest of an employer, whose employees were employed in an industry affecting commerce, in violation of Title 29, United

States Code, Section 186(b)(1) and (d)(2), and Title 18, United
States Code, Section 2.

### Racketeering Act Ten:
### Extortion and Labor Racketeering – "Employer-9"

26.   ANTHONY FAZIO, SR., and JOHN FAZIO, JR., the
defendants, committed the following acts of racketeering, any of
which alone constitutes the commission of Racketeering Act Ten:

#### Extortion

a.   From at least in or about 1999, up through
and including in or about 2009, in the Eastern District of New
York and elsewhere, ANTHONY FAZIO, SR., and JOHN FAZIO, JR., the
defendants, and others known and unknown, willfully and knowingly
did commit and attempt to commit extortion, and aid and abet the
commission of extortion, as that term is defined in Title 18,
United States Code, Section 1951(b)(2), by obtaining money and
property from and with the consent of "Employer-9," the operator
of elder care facilities, whose consent was induced by the
wrongful use of actual and threatened force, violence, and fear,
and thereby did obstruct, delay, and affect commerce and the
movement of articles and commodities in commerce, as that term is
defined in Title 18, United States Code, Section 1951(b)(3), in
violation of Title 18, United States Code, Sections 1951 and 2.

b.   From at least in or about 1999, up through
and including in or about 2009, in the Eastern District of New
York and elsewhere, ANTHONY FAZIO, SR., and JOHN FAZIO, JR., the

defendants, and others known and unknown, willfully, and

knowingly did obtain property by extortion committed by

instilling in Employer-9 a fear that FAZIO SR. and JOHN FAZIO,

and other persons, would cause physical injury to some person in

the future and cause damage to property, in violation of New York

State Penal Law, Sections 155.40 and 20.00.

       c.    From at least in or about 1999, up through

and including in or about 2009, in the Eastern District of New

York and elsewhere, ANTHONY FAZIO, SR., and JOHN FAZIO, JR., the

defendants, and others known and unknown, willfully, and

knowingly did obtain property exceeding $1,000 by extortion

committed by instilling in Employer-9 a fear that FAZIO SR, JOHN

FAZIO and other persons, would perform an act which was

calculated to harm Employer-9 in his business or financial

condition, in violation of New York State Penal Law, Sections

155.05(e)(ix), 155.30 and 20.00.

<u>Unlawful Receipt of Labor Payments</u>

       d.    From at least in or about 1999, up through

and including in or about 2009, in the Eastern District of New

York and elsewhere, ANTHONY FAZIO, SR., and JOHN FAZIO, JR., the

defendants, and others known and unknown, being representatives

of the employees of Employer-9, willfully and knowingly, did

request, demand, receive and accept, and agree to receive and

accept, payments, loans, and deliveries of money and other things

of value, whose value exceeded $1,000, from Employer-9, an
employer and a person acting in the interest of an employer,
whose employees were employed in an industry affecting commerce,
in violation of Title 29, United States Code, Section 186(b)(1)
and (d)(2), and Title 18, United States Code, Section 2.

**Racketeering Act Eleven:**
**Extortion and Labor Racketeering – "Employer-10"**

27.   ANTHONY FAZIO, SR., and JOHN FAZIO, JR., the
defendants, committed the following acts of racketeering, any of
which alone constitutes the commission of Racketeering Act
Eleven:

Extortion

a.   From at least in or about 2007, up through
and including in or about 2009, in the Eastern District of New
York and elsewhere, ANTHONY FAZIO, SR., and JOHN FAZIO, JR., the
defendants, and others known and unknown, willfully and knowingly
did commit and attempt to commit extortion, and aid and abet the
commission of extortion, as that term is defined in Title 18,
United States Code, Section 1951(b)(2), by obtaining money and
property from and with the consent of "Employer-10," an owner of
a printing business, whose consent was induced by the wrongful
use of actual and threatened force, violence, and fear, and
thereby did obstruct, delay, and affect commerce and the movement
of articles and commodities in commerce, as that term is defined
in Title 18, United States Code, Section 1951(b)(3), in violation

28

of Title 18, United States Code, Sections 1951 and 2.

        b.   From at least in or about 2007, up through and including in or about 2009, in the Eastern District of New York and elsewhere, ANTHONY FAZIO, SR., and JOHN FAZIO, JR., the defendants, and others known and unknown, willfully, and knowingly did obtain property by extortion committed by instilling in Employer-10 a fear that FAZIO SR, JOHN FAZIO, and other persons, would cause physical injury to some person in the future and cause damage to property, in violation of New York State Penal Law, Sections 155.40 and 20.00.

        c.   From at least in or about 2007, up through and including in or about 2009, in the Eastern District of New York and elsewhere, ANTHONY FAZIO, SR., and JOHN FAZIO, JR., the defendants, and others known and unknown, willfully, and knowingly did obtain property exceeding $1,000 by extortion committed by instilling in Employer-10 a fear that FAZIO SR, JOHN FAZIO and other persons, would perform an act which was calculated to harm Employer-10 in his business or financial condition, in violation of New York State Penal Law, Sections 155.05(e)(ix), 155.30 and 20.00.

<u>Unlawful Receipt of Labor Payments</u>

        d.   From at least in or about 2002, up through and including in or about 2009, in the Eastern District of New York and elsewhere, ANTHONY FAZIO, SR., and JOHN FAZIO, JR., the

defendants, and others known and unknown, being representatives
of the employees of Employer-10, willfully and knowingly, did
request, demand, receive and accept, and agree to receive and
accept, payments, loans, and deliveries of money and other things
of value, whose value exceeded $1,000, from Employer-10, an
employer and a person acting in the interest of an employer,
whose employees were employed in an industry affecting commerce,
in violation of Title 29, United States Code, Section 186(b)(1)
and (d)(2), and Title 18, United States Code, Section 2.

### Influencing the Operations of an Employee Benefit Plan

e.     From in or about 2007 up to and including in
or about 2009, in the Eastern District of New York and elsewhere,
JOHN FAZIO, JR., the defendant, being an administrator, officer,
trustee, custodian, and agent of an employee welfare benefit
plan, and an officer, agent and employee of an employee
organization whose members were covered by such plan, to wit, the
UFCW Local 348 Health & Benefits Plan, solicited and received and
agreed to solicit and receive fees, kickbacks, gifts, money and
things of value because of and with the intent to be influenced
with respect to his actions, decisions, and other duties relating
to questions and matters concerning such plan, that is, JOHN
FAZIO accepted annual cash payments and things of value from
Employer-10, in return for a lower contractual rate of
contribution on behalf of his employees to such plan for health

care benefits, in violation of Title 18, United States Code, Sections 1954 and 2.

### Racketeering Act Twelve: Extortion and Labor Racketeering – "Employer-11"

28.   ANTHONY FAZIO, SR., the defendant, committed the following acts of racketeering, any of which alone constitutes the commission of Racketeering Act Twelve:

### Extortion

a.   From at least in or about 1999, up through and including in or about 2010, in the Southern District of New York and elsewhere, ANTHONY FAZIO, SR., the defendant, and others known and unknown, willfully and knowingly did commit and attempt to commit extortion, and aid and abet the commission of extortion, as that term is defined in Title 18, United States Code, Section 1951(b)(2), by obtaining money and property from and with the consent of "Employer-11," the operator of a restaurant supply business, whose consent was induced by the wrongful use of actual and threatened force, violence, and fear, and thereby did obstruct, delay, and affect commerce and the movement of articles and commodities in commerce, as that term is defined in Title 18, United States Code, Section 1951(b)(3), in violation of Title 18, United States Code, Sections 1951 and 2.

b.   From at least in or about 1999, up through and including in or about 2010, in the Southern District of New York and elsewhere, ANTHONY FAZIO, SR., the defendant, and others

31

known and unknown, willfully, and knowingly did obtain property by extortion committed by instilling in Employer-11 a fear that FAZIO SR, and other persons, would cause physical injury to some person in the future and cause damage to property, in violation of New York State Penal Law, Sections 155.40 and 20.00.

        c.   From at least in or about 1999, up through and including in or about 2010, in the Southern District of New York and elsewhere, ANTHONY FAZIO, SR., the defendant, and others known and unknown, willfully, and knowingly did obtain property exceeding $1,000 by extortion committed by instilling in Employer-11 a fear that FAZIO SR and other persons, would perform an act which was calculated to harm Employer-11 in his business or financial condition, in violation of New York State Penal Law, Sections 155.05(e)(ix), 155.30 and 20.00.

<u>Unlawful Receipt of Labor Payments</u>

        d.   From at least in or about 1999, up through and including in or about 2010, in the Southern District of New York and elsewhere, ANTHONY FAZIO, SR., the defendant, and others known and unknown, being representatives of the employees of Employer-11, willfully and knowingly, did request, demand, receive and accept, and agree to receive and accept, payments, loans, and deliveries of money and other things of value, whose value exceeded $1,000, from Employer-11, an employer and a person acting in the interest of an employer, whose employees were

employed in an industry affecting commerce, in violation of Title 29, United States Code, Section 186(b)(1) and (d)(2), and Title 18, United States Code, Section 2.

### Racketeering Act Thirteen:
### Extortion and Labor Racketeering – "Employer-12"

29.   JOHN FAZIO, JR., the defendant, committed the following acts of racketeering, any of which alone constitutes the commission of Racketeering Act Thirteen:

### Extortion

a.   From at least in or about 1999, up through and including in or about 2009, in the Eastern District of New York and elsewhere, JOHN FAZIO, JR., the defendant, and others known and unknown, willfully and knowingly did commit and attempt to commit extortion, and aid and abet the commission of extortion, as that term is defined in Title 18, United States Code, Section 1951(b)(2), by obtaining money and property from and with the consent of "Employer-12," the owner of a manufacturing company, whose consent was induced by the wrongful use of actual and threatened force, violence, and fear, and thereby did obstruct, delay, and affect commerce and the movement of articles and commodities in commerce, as that term is defined in Title 18, United States Code, Section 1951(b)(3), in violation of Title 18, United States Code, Sections 1951 and 2.

b.   From at least in or about 1999, up through and including in or about 2009, in the Eastern District of New

33

York and elsewhere, JOHN FAZIO, JR., the defendant, and others known and unknown, willfully, and knowingly did obtain property by extortion committed by instilling in Employer-12 a fear that JOHN FAZIO, and other persons, would cause physical injury to some person in the future and cause damage to property, in violation of New York State Penal Law, Sections 155.40 and 20.00.

      c.   From at least in or about 1999, up through and including in or about 2009, in the Eastern District of New York and elsewhere, JOHN FAZIO, JR., the defendant, and others known and unknown, willfully, and knowingly did obtain property exceeding $1,000 by extortion committed by instilling in Employer-12 a fear that JOHN FAZIO and other persons, would perform an act which was calculated to harm Employer-12 in his business or financial condition, in violation of New York State Penal Law, Sections 155.05(e)(ix), 155.30 and 20.00.

### Unlawful Receipt of Labor Payments

      d.   From at least in or about 1999, up through and including in or about 2009, in the Eastern District of New York and elsewhere, JOHN FAZIO, JR., the defendant, and others known and unknown, being representatives of the employees of Employer-12, willfully and knowingly, did request, demand, receive and accept, and agree to receive and accept, payments, loans, and deliveries of money and other things of value, whose value exceeded $1,000, from Employer-12, an employer and a person

acting in the interest of an employer, whose employees were
employed in an industry affecting commerce, in violation of Title
29, United States Code, Section 186(b)(1) and (d)(2), and Title
18, United States Code, Section 2.

<u>Embezzlement of Union Benefit Fund</u>

       e.    In or about March 2007, in the Eastern
District of New York and elsewhere, JOHN FAZIO, JR., the
defendant, and others known and unknown, willfully and knowingly
did embezzle and steal, and did unlawfully and willfully abstract
and convert to their own use, and to the use of others credits,
property, and other assets of the UFCW Local 348 Health and
Benefits Plan, to wit, JOHN FAZIO, and others, aided Employer-12
to violate the terms of its collective bargaining agreement with
Local 348 and defeat the Local 348 Health and Benefit Plan's
right to collect contributions due the Plan, in violation of
Title 18, United States Code, Sections 664 and 2.

<u>Influencing the Operations of an Employee Benefit Plan</u>

       f.    In or about March 2007, in the Eastern
District of New York and elsewhere, JOHN FAZIO, JR., the
defendant, being an administrator, officer, trustee, custodian
and agent of an employee welfare benefit plan, and an officer,
agent and employee of an employee organization whose members were
covered by such plan, to wit, the UFCW Local 348 Health &
Benefits Plan, solicited and received and agreed to solicit and

receive a fee, kickback, gift, money and thing of value because of and with the intent to be influenced with respect to his actions, decisions, and other duties relating to questions and matters concerning such plan, that is, JOHN FAZIO accepted a check for $7,000 from Employer-12, a business owner who owed past-due contributions on behalf of employees to the Local 348 Health & Benefit Plan, in return for cancellation of the Employer-12's contractual debt to such plan in violation of Title 18, United States Code, Sections 1954 and 2.

### Racketeering Act Fourteen:
### Money Laundering Conspiracy

30.   ANTHONY FAZIO, SR., and JOHN FAZIO, JR., the defendants, committed the following act of racketeering, which constitutes the commission of Racketeering Act Fourteen:

#### THE SCHEME

a.   From in or about 2002, up through and including in or about 2009, ANTHONY FAZIO, SR., and JOHN FAZIO, JR., the defendants, participated in a scheme to launder the proceeds of their criminal activities.

#### THE CONSPIRACY

b.   From at least in or about 2002, up to and including in or about 2009, in the Southern District of New York and elsewhere, ANTHONY FAZIO, SR., and JOHN FAZIO, JR., the defendants, and others known and unknown, willfully and knowingly did combine, conspire, confederate and agree together and with

each other to violate Title 18, United States Code, Sections 1956(a)(1)(A)(i), 1956(a)(1)(B)(i), and 1957(a).

<u>OBJECTS OF THE CONSPIRACY</u>

c.   It was a part and an object of the conspiracy that ANTHONY FAZIO, SR., and JOHN FAZIO, JR., the defendants, and others known and unknown, in an offense involving and affecting interstate and foreign commerce, knowing that the property involved in certain financial transactions represented the proceeds of some form of unlawful activity, willfully and knowingly would and did conduct and attempt to conduct such financial transactions which in fact involved the proceeds of specified unlawful activity, to wit, the proceeds of extortion, unlawful payments to labor organizations, embezzlement from pension and welfare funds, and unlawful welfare fund payments, with the intent to promote the carrying on of specified unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(A)(i).

d.   It was further a part and an object of the conspiracy that ANTHONY FAZIO, SR., and JOHN FAZIO, JR., the defendants, and others known and unknown, in an offense involving and affecting interstate and foreign commerce, knowing that the property involved in certain financial transactions represented the proceeds of some form of unlawful activity, willfully and knowingly would and did conduct and attempt to conduct such

37

financial transactions which in fact involved the proceeds of specified unlawful activity, to wit, the proceeds of extortion, unlawful payments to labor organizations, embezzlement from pension and welfare funds, and unlawful welfare fund payments, knowing that the transactions were designed in whole and in part to conceal and disguise the nature, the location, the source, the ownership and the control of the proceeds of specified unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i).

e.    It was a further part and an object of the conspiracy that ANTHONY FAZIO, SR., and JOHN FAZIO, JR., the defendants, and others known and unknown, within the United States, in an offense involving and affecting interstate and foreign commerce, willfully and knowingly would and did engage and attempt to engage in monetary transactions in criminally derived property of a value greater than $10,000 that was derived from specified unlawful activity, to wit, the proceeds of extortion, unlawful payments to labor organizations, embezzlement from pension and welfare funds, and unlawful welfare fund payments, in violation of Title 18, United States Code, Section 1957(a).

## Racketeering Act Fifteen:
## Witness Tampering

31.    ANTHONY FAZIO, SR., the defendant, committed the following act of racketeering, which constitutes the commission

38

of Racketeering Act Fifteen:

        a.    In or about 2011, in the Southern District of New York and elsewhere, ANTHONY FAZIO, SR., the defendant, and others known and unknown, willfully and knowingly did use intimidation, threaten, and corruptly persuade another person, with intent to influence, delay, and prevent the testimony of a person in an official proceeding, and with intent to cause and induce a person to withhold testimony from an official proceeding, in violation of Title 18, United States Code, Sections 1512(b)(1), 1512(b)(2)(A), and 2.

        (Title 18, United States Code, Section 1962(c)).

## COUNT THREE
### (Extortion Conspiracy)

The Grand Jury further charges:

    32.  Paragraphs 1 through 11 of this Indictment are repeated and realleged and incorporated by reference as though fully set forth herein.

### THE SCHEME

    33.  From in or about at least 1995, up through and including in or about February 2011, ANTHONY FAZIO, SR., ANTHONY FAZIO, JR., and JOHN FAZIO, JR., the defendants, participated in a scheme to enrich themselves and others by extorting cash payments from business owners whose employees were members of Local 348.  FAZIO SR, FAZIO JR and JOHN FAZIO accepted hundreds of thousands of dollars of cash payments from employers who were

afraid they would suffer physical or economic harm if they did not comply with the FAZIOs' payment demands.

THE CONSPIRACY

34.   From in or about at least 1995, up through and including in or about February 2011, in the Southern District of New York and elsewhere, ANTHONY FAZIO, SR., ANTHONY FAZIO, JR., and JOHN FAZIO, JR., the defendants, and others known and unknown, willfully and knowingly combined, conspired, confederated, and agreed together and with each other to commit extortion, as that term is defined in Title 18, United States Code, Section 1951(b)(2), by obtaining money and property from and with the consent of another person, to wit, employers who owned and operated businesses whose employees were members of Local 348, which consent was induced by the wrongful use of actual and threatened force, violence, and fear, and thereby would and did obstruct, delay, and affect commerce and the movement of articles and commodities in commerce, as that term is defined in Title 18, United States Code, Section 1951(b)(3).

(Title 18, United States Code, Section 1951.)

**COUNT FOUR**
**(Unlawful Receipt of Labor Payments Conspiracy)**

The Grand Jury further charges:

35.   Paragraphs 1 through 11 of this Indictment are repeated and realleged and incorporated by reference as though fully set forth herein.

40

THE SCHEME

36.   From in or about at least 1995, up through and
including in or about February 2011, ANTHONY FAZIO, SR., ANTHONY
FAZIO, JR., and JOHN FAZIO, JR., the defendants, participated in
a scheme to enrich themselves and others by soliciting bribes
from business owners whose employees were members of Local 348.
FAZIO SR, FAZIO JR and JOHN FAZIO accepted hundreds of thousands
of dollars of cash payments from employers who were afraid they
would suffer physical or economic harm if they did not comply
with the FAZIOs' bribery demands.

THE CONSPIRACY

37.   From at least in or about at least 1995, up to and
including in or about February 2011, in the Southern District of
New York and elsewhere, ANTHONY FAZIO, SR., ANTHONY FAZIO, JR.,
and JOHN FAZIO, JR., the defendants, and others known and
unknown, willfully and knowingly did combine, conspire,
confederate, and agree together and with each other to commit an
offense against the United States, to wit, to violate Title 29,
United States Code, Section 186.

OBJECT OF THE CONSPIRACY

38.   It was a part and an object of the conspiracy that
ANTHONY FAZIO, SR., ANTHONY FAZIO, JR., and JOHN FAZIO, JR., the
defendants, and others known and unknown, being representatives
of the employees of various employers, willfully and knowingly,
would and did request, demand, receive and accept, and agree to
receive and accept, payments, loans, and deliveries of money and

41

other things of value, whose value exceeded $1,000, from an employer and a person acting in the interest of an employer, whose employees were employed in an industry affecting commerce.

## OVERT ACTS IN FURTHERANCE OF THE CONSPIRACY

39.   In furtherance of the conspiracy and to effect the illegal object thereof, ANTHONY FAZIO, SR., ANTHONY FAZIO, JR., and JOHN FAZIO, JR., the defendants, and others known and unknown, committed the following overt acts, among others, in the Southern District of New York and elsewhere:

a.   In or about 1997, ANTHONY FAZIO, SR., the defendant, met with the owner of a business whose employees were organized by Local 348 and demanded $25,000 in annual cash payments from the business owner.

b.   In or around 2010, ANTHONY FAZIO, JR., the defendant, called the owner of a business whose employees were organized by Local 348 to arrange a meeting at which the business owner would make a cash payment to FAZIO JR.

c.   On or about December 28, 2009, JOHN FAZIO, JR., the defendant, met in the Bronx, New York with the owner of a business whose employees were organized by Local 348 and received $5,000 in United States currency from the business owner.

(Title 18, United States Code, Section 371.)

### COUNT FIVE
### (Money Laundering Conspiracy)

The Grand Jury further charges:

42

40.   Paragraphs 1 through 11 of this Indictment are repeated and realleged and incorporated by reference as though fully set forth herein.

### THE SCHEME

41.   From in or about 2002, up through and including in or about 2008, ANTHONY FAZIO, SR., and JOHN FAZIO, JR., the defendants, participated in a scheme to launder the proceeds of their criminal activities.

### THE CONSPIRACY

42.   From at least in or about 2002, up to and including in or about 2008, in the Southern District of New York and elsewhere, ANTHONY FAZIO, SR., and JOHN FAZIO, JR., the defendants, and others known and unknown, willfully and knowingly did combine, conspire, confederate and agree together and with each other to violate Title 18, United States Code, Sections 1956(a)(1)(A)(i), 1956(a)(1)(B)(i), and 1957(a).

### OBJECTS OF THE CONSPIRACY

43.   It was a part and an object of the conspiracy that ANTHONY FAZIO, SR., and JOHN FAZIO, JR., the defendants, and others known and unknown, in an offense involving and affecting interstate and foreign commerce, knowing that the property involved in certain financial transactions represented the proceeds of some form of unlawful activity, willfully and knowingly would and did conduct and attempt to conduct such financial transactions which in fact involved the proceeds of

specified unlawful activity, to wit, the proceeds of extortion,
unlawful payments to labor organizations, embezzlement from
pension and welfare funds, and unlawful welfare fund payments,
with the intent to promote the carrying on of specified unlawful
activity, in violation of Title 18, United States Code, Section
1956(a)(1)(A)(i).

44.  It was further a part and an object of the
conspiracy that ANTHONY FAZIO, SR., and JOHN FAZIO, JR., the
defendants, and others known and unknown, in an offense involving
and affecting interstate and foreign commerce, knowing that the
property involved in certain financial transactions represented
the proceeds of some form of unlawful activity, willfully and
knowingly would and did conduct and attempt to conduct such
financial transactions which in fact involved the proceeds of
specified unlawful activity, to wit, the proceeds of extortion,
unlawful payments to labor organizations, embezzlement from
pension and welfare funds, and unlawful welfare fund payments,
knowing that the transactions were designed in whole and in part
to conceal and disguise the nature, the location, the source, the
ownership and the control of the proceeds of specified unlawful
activity, in violation of Title 18, United States Code, Section
1956(a)(1)(B)(i).

45.  It was a further part and an object of the
conspiracy that ANTHONY FAZIO, SR., and JOHN FAZIO, JR., the
defendants, and others known and unknown, within the United

States, in an offense involving and affecting interstate and foreign commerce, willfully and knowingly would and did engage and attempt to engage in monetary transactions in criminally derived property of a value greater than $10,000 that was derived from specified unlawful activity, to wit, the proceeds of extortion, unlawful payments to labor organizations, embezzlement from pension and welfare funds, and unlawful welfare fund payments, in violation of Title 18, United States Code, Section 1957(a).

(Title 18, United States Code, Section 1956(h).)

## COUNT SIX
### (Witness Tampering)

The Grand Jury further charges:

46.   In or about 2011, in the Southern District of New York and elsewhere, ANTHONY FAZIO, SR., the defendant, and others known and unknown, willfully and knowingly did use intimidation, threaten, and corruptly persuade another person, with intent to influence, delay, and prevent the testimony of a person in an official proceeding, and with intent to cause and induce a person to withhold testimony from an official proceeding.

(Title 18, United States Code, Sections 1512(b)(1), 1512(b)(2), and 2.)

### Forfeiture Allegation as to Counts One and Two

47.   The allegations contained in Counts One and Two of this Indictment are hereby repeated, realleged, and incorporated

by reference herein as though fully set forth at length for the purpose of alleging forfeiture pursuant to the provisions of Title 18, United States Code, Section 1963 and Title 28, United States Code, Section 2461(c).  Pursuant to Rule 32.2, Fed. R. Crim. P., notice is hereby given to the defendants ANTHONY FAZIO, SR., ANTHONY FAZIO, JR., and JOHN FAZIO, JR., that the United States will seek forfeiture as part of any sentence in accordance with Title 18, United States Code, Section 1963 in the event of any defendant's conviction under Count One and/or Count Two of this Indictment.

48.  The defendants ANTHONY FAZIO, SR., ANTHONY FAZIO, JR., and JOHN FAZIO, JR.:

a.   have acquired and maintained interests in violation of Title 18, United States Code, Section 1962, which interest are subject to forfeiture to the United States pursuant to Title 18, United States Code, Section 1963(a)(1);

b.   have an interest in, security of, claims against, and property and contractual rights which afford a source of influence over the enterprise named and described herein which the defendants established, operated, controlled, conducted, and participated in the conduct of, in violation of Title 18, United States Code, Section 1962, which interests, securities, claims, and rights are subject to forfeiture to the United States pursuant to Title 18, United States Code, Section 1963 (a)(2);

46

c.   have property constituting and derived from proceeds obtained, directly, and indirectly, from the aforesaid racketeering activity, in violation of Title 18, United States Code, Section 1962, which property is subject to forfeiture to the United States pursuant to Title 18, United States Code, Section 1963 (a)(3).

49.   The interests of the defendants ANTHONY FAZIO, SR., ANTHONY FAZIO, JR., and JOHN FAZIO, JR. subject to forfeiture to the United States pursuant to Title 18, United States Code, Sections 1963 (a)(1), (a)(2), and (a)(3), include but are not limited, at least $1,000,000 and any and all property constituting and derived from proceeds obtained, directly and indirectly, from racketeering activity, in violation of Title 18, United States Code, Section 1962.

<u>Substitute Assets Provision</u>

50.   If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

(1)   cannot be located upon the exercise of due diligence;

(2)   has been transferred or sold to, or deposited with, a third person;

(3)   has been placed beyond the jurisdiction of the Court;

(4)   has been substantially diminished in value; or

(5)   has been commingled with other property which

cannot be subdivided without difficulty;

it is the intention of the United States, pursuant to Title 18,
United States Code, Section 1963(m), to seek forfeiture of any
other property of the defendants up to the value of the above
forfeitable property.

51.   The above-named defendants, and each of them, are
jointly and severally liable for the forfeiture obligations as
alleged above.

(Title 18, United States Code, Sections 1962 and 1963.)

### Forfeiture Allegation as to Count Three

52.   As a result of committing the offense, in violation
of Title 18, United States Code, Section 1951, alleged in Count
Three of this Indictment, ANTHONY FAZIO, SR., ANTHONY FAZIO, JR.,
and JOHN FAZIO, JR., the defendants, shall forfeit to the United
States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461,
all property, real and personal, that constitutes or is derived
from proceeds traceable to the commission of the offense, for
which the defendants are jointly and severally liable, including
but not limited to a sum in United States currency representing
the amount of proceeds obtained as a result of the offense.

### Substitute Assets Provision

53.   If any of the above-described forfeitable property,
as a result of any act or omission of the defendants:

(1)   cannot be located upon the exercise of due

48

diligence;

(2)  has been transferred or sold to, or deposited
with, a third person;

(3)  has been placed beyond the jurisdiction of the
Court;

(4)  has been substantially diminished in value; or

(5)  has been commingled with other property which
cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to 21 U.S.C.
§ 853(p), to seek forfeiture of any other property of said
defendants up to the value of the forfeitable property.

(Title 18, United States Code, Section 981,
Title 28, United States Code, Section 2461,
Title 18, United States Code, Section 1951, and
Title 21, United States Code, Section 853.)

### Forfeiture Allegation as to Count Four

54.  As a result of committing the offense, in violation
of Title 18, United States Code, Section 371 and Title 29, United
States Code, Section 186, alleged in Count Four of this
Indictment, ANTHONY FAZIO, SR., ANTHONY FAZIO, JR., and JOHN
FAZIO, JR., the defendants, shall forfeit to the United States,
pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461, all
property, real and personal, that constitutes or is derived from
proceeds traceable to the commission of the offense, for which the
defendants are jointly and severally liable, including but not
limited to a sum in United States currency representing the amount
of proceeds obtained as a result of the offense.

49

## Substitute Assets Provision

55.   If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

> (1)   cannot be located upon the exercise of due diligence;
>
> (2)   has been transferred or sold to, or deposited with, a third person;
>
> (3)   has been placed beyond the jurisdiction of the Court;
>
> (4)   has been substantially diminished in value; or
>
> (5)   has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to 21 U.S.C. § 853(p), to seek forfeiture of any other property of said defendants up to the value of the forfeitable property.

> (Title 18, United States Code, Section 981,
> Title 28, United States Code, Section 2461,
> Title 18, United States Code, Section 371,
> Title 29, United States Code, Section 186, and
> Title 21, United States Code, Section 853.)

## Forfeiture Allegation as to Count Five

56.   As the result of committing the money laundering offense, in violation of 18 U.S.C. § 1956, alleged in Count Five of this Indictment, ANTHONY FAZIO, SR. and JOHN FAZIO, JR., the defendants, shall forfeit to the United States pursuant to 18 U.S.C. § 982, all property, real and personal, involved in the offense and all property traceable to such property, for which the

defendants are jointly and severally liable.

Substitute Assets Provision

57.  If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

(1) cannot be located upon the exercise of due diligence;

(2) has been transferred or sold to, or deposited with, a third person;

(3) has been placed beyond the jurisdiction of the Court;

(4) has been substantially diminished in value; or

(5) has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to 18 U.S.C. § 982(b), to seek forfeiture of any other property of said defendants up to the value of the above forfeitable property.

(Title 18, United States Code, Section 982, and
Title 18, United States Code, Section 1956.)


FOREPERSON

PREET BHARARA
United States Attorney

Form No. USA-33s-274 (Ed. 9-25-58)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

- v. -

ANTHONY FAZIO, SR.,
ANTHONY FAZIO, JR., and
JOHN FAZIO, JR.

Defendants.

SEALED INDICTMENT

11 Cr. _____

(Title 18, United States Code, Sections 1962(d), 1962,
1951, 371, 1956 & 1512.)

PREET BHARARA
United States Attorney.

A TRUE BILL

_____
Foreperson.